## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| **SHANNON DANIEL and ALMA AYALA**  *Plaintiffs,*  v.  **GILTNER LOGISTICS, INC.; and GAP SERVICES, INC.**  *Defendant.* | No. 3:21-cv-597  **COMPLAINT** |

Shannon Daniel and Alma Ayala (collectively, "Plaintiffs") file this action against Giltner Logistics, Inc.; and GAP Services, Inc. (collectively, "Defendants") to recover damages for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*, as amended ("FLSA").

### I.    NATURE OF SUIT

1. In 1938, Congress passed the FLSA in an attempt to eliminate low wages, long hours, and provide American workers with a wage that would support a minimum standard of living. The purpose of the FLSA is to provide "specific minimum protections to individual workers and to ensure that each employee covered by the Act ... receive[s] '[a] fair day's pay for a fair day's work' and [is] protected from 'the evil of "overwork" as well as "underpay." *Barrentine v. Arkansas-Best Freight Sys. Inc.*, 450 U.S. 728, 739 (1981). The FLSA seeks to achieve these goals by establishing a minimum wage and the prohibition of performing more than forty (40) hours of work in a single workweek without the payment of a premium or "overtime" rate.

2. The FLSA does not prohibit overtime, but rather, by imposing a premium rate for overtime, the FLSA discourages employers from over working and underpaying their employees

1

who work for longer than forty (40) hours in a single workweek. *See Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 577-78 (1942).

3. Section 207(a) of the FLSA requires covered employers to compensate its non-exempt employees in an amount not less than one-and-a-half times his or her regular rate of pay for each hour worked in excess of forty (40) in a given week. 29 U.S.C. § 207(a)(1).

4. Here, Plaintiffs were non-exempt from overtime.

5. Defendants did not compensate Plaintiffs at time and one half their regular rate for hours worked after forty (40) in a workweek.

6. Plaintiffs routinely worked in excess of forty (40) hours in a workweek.

7. Plaintiffs were not paid time and one-half their regular rates pay after forty (40) hours each workweek.

8. Section 206(a) of the FLSA requires covered employers to compensate employees at a rate not less than the minimum wage for all hours worked. *See* 29 U.S.C. § 206(a).

9. Defendants did not compensate Plaintiffs for each and every hour and workweek that Plaintiffs worked for Defendants during the statutory time period.

10. Plaintiffs routinely worked "on call" shifts.

11. Plaintiffs were not compensated for the hours worked during on call periods and on call shifts.

12. Plaintiffs were not paid minimum wage rate for each and every hour worked during the statutory time period.

13. Section 215(a)(3) of the FLSA makes it unlawful "for any person to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA]."

29 U.S.C. § 215(a)(3).

14. Because Plaintiff Daniel complained of Defendants' unlawful payment policies, Defendants swiftly responded by terminating her employment.

15. Defendants unlawfully retaliated against Plaintiff Daniel in violation of the FLSA's anti-retaliation provisions.

## II.     PARTIES

16. Plaintiff, Shannon Daniel, is an individual and resident of Texas. Plaintiff was employed by Defendants within the three (3) years preceding the filing of this lawsuit. At all relevant times mentioned, Plaintiff was an "employee" of Defendants as defined by the FLSA. *See* 29 U.S.C. §§ 206-207. Plaintiff Daniel has consented to be a party-plaintiff to this action as indicated by the attached notice of consent filed with the Court.

17. Plaintiff, Alma Ayala, is an individual and resident of Texas. Plaintiff was employed by Defendants within the three (3) years preceding the filing of this lawsuit. At all relevant times mentioned, Plaintiff was an "employee" of Defendants as defined by the FLSA. *See* 29 U.S.C. §§ 206-207. Plaintiff Ayala has consented to be a party-plaintiff to this action as indicated by the attached notice of consent filed with the Court.

18. Defendant GAP Services, Inc. is a corporation formed under the laws of Idaho and doing business as Giltner Logistics. Defendant operates a logistic services business with locations in Arkansas, California, Florida, Georgia, Idaho, Illinois, Louisiana, Oregon, Tennessee, Texas, Utah, and Washington. Defendant also maintains a corporate headquarters (as the parent company) for its subsidiary companies, including Giltner Logistics, Inc. Defendant GAP is not registered to do business in Texas and has failed to designate a registered agent in Texas. Therefore, pursuant to Tex. Business Organizations Code § 5.251, Defendant GAP may be served with process by

serving the Texas Secretary of State, P.O. Box 12079 Austin, Texas 78711-2079.

19. Defendant Giltner Logistics, Inc. is a corporation formed under the laws of Idaho. Giltner Logistics operates a logistics company and maintains an office in Irving, Texas—where Plaintiffs were employed to work. Defendant Giltner Logistics failed to designate a registered agent in Texas. Therefore, pursuant to Tex. Business Organizations Code § 5.251, Defendant Giltner Logistics may be served with process by serving the Texas Secretary of State, P.O. Box 12079 Austin, Texas 78711-2079.

### III. JURISDICTION AND VENUE

20. This Court has federal question jurisdiction over the subject matter of this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. 216(b) and 28 U.S.C. §§ 1331, 1337.

21. This Court has supplemental jurisdiction over Plaintiff Daniel's breach of contract claim pursuant to 28 U.S.C. § 1367, because this non-federal claim arises from a common nucleus of operative facts such that a plaintiff would ordinarily be expected to try them in one judicial proceeding.

22. Defendants are subject to personal jurisdiction in Texas. Both Defendants do substantial business in the State of Texas and employ Texas residents (including Plaintiffs) to perform work for Defendants in Texas. The acts complained of arise from Plaintiffs' employment by Defendants in Texas. Defendants hired Plaintiffs to perform work for Defendants in Texas and the acts complained of arise from the work Plaintiffs were performing for Defendants in Texas.

23. Moreover, this Court has personal jurisdiction over Defendants because Defendants have purposefully availed themselves of the benefits and protections of this District and have a substantial business presence in this District. Specifically, GAP Services, Inc. controls and oversees the operation of Giltner Logistics, Inc. within this District by creating and implementing

compensation policies; creating and enforcing employee handbooks and manuals; and overseeing and managing accounting and payroll processing in Texas.

24. Venue is proper in the Dallas Division of the United States District Court for the Northern District of Texas under 28 U.S.C. § 1391(b) and (d). Defendants employed Plaintiffs to work, in part, from Defendants' office located in Irving, Texas and a substantial part of the events giving rise to the claim occurred in Dallas County, Texas. Specifically, Plaintiffs performed work for Defendants at Defendants' place of business located in Dallas County, Texas.

## IV. COVERAGE UNDER THE FLSA

25. At all relevant times, Defendants have each, individually and jointly, been an "employer" of Plaintiffs within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d). Specifically, Defendants operate each of their logistic services business locations from their headquarters located in Idaho; send paychecks and W-2 forms from their headquarters located in Idaho to Plaintiffs located in Irving, Texas; use the same website to solicit and provide information for all of their business locations; use the same employee handbook at all their business locations; implement similar or identical employment policies at all locations; and provide the same services to its customers at all business locations.

26. At all relevant times, Defendants have each, individually and jointly, acted, directly or indirectly, in the interest of the employer with respect to Plaintiffs.

27. At all relevant times, Giltner Logistics, Inc. and GAP Services, Inc., both individually and jointly together, have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise jointly, and each individually, have had: (a) employees engaged in commerce or in the production of goods for commerce; or (b) employees handling, selling, or

otherwise working on goods or materials that have been moved in or produced for commerce by any person and that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise tax).

28. At all relevant times, Plaintiff Daniel was an employee for Defendants who was and is engaged in commerce or handled goods that were and are traveling in interstate commerce as required by 29 U.S.C. §§ 206-207. *See Reich v. Circle C. Investments, Inc.*, 998 F.2d 324 (5th Cir. 1993). Specifically, Plaintiff Daniel monitored the transport of goods traveling in interstate commerce and handled records of interstate transactions. In addition, Plaintiff Daniel regularly and frequently corresponded with individuals located in other States to provide customer service.

29. At all relevant times, Plaintiff Ayala was an employee for Defendants who was and is engaged in commerce or handled goods that were and are traveling in interstate commerce as required by 29 U.S.C. §§ 206-207. *See Reich v. Circle C. Investments, Inc.*, 998 F.2d 324 (5th Cir. 1993). Specifically, Plaintiff Ayala tracked and traced goods traveling in interstate commerce. In addition, Plaintiff Ayala regularly and frequently communicated with individuals located in other States to provide customer service and communicate updates regarding freight movements in interstate commerce.

30. During the relevant period, Defendants willfully violated the FLSA, by employing Plaintiffs in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA and failing to compensate Plaintiffs in accordance with the FLSA minimum wage and overtime provisions cited herein.

## V. FACTS

31. From approximately August of 2016 until February 5, 2021, Defendants employed Plaintiff Daniel to work as an account manager at their logistic services business located in Irving,

Texas. During her employment, Defendants paid Plaintiff Daniel a salary.

32. From approximately January of 2018 until February 1, 2021, Defendants employed Plaintiff Ayala to work in a "Track, Trace, and Coverage" position at their logistic services business located in Irving, Texas. During her employment, Defendants paid Plaintiff Ayala a salary.

33. At all times relevant, Plaintiffs were "employees" of Defendants as defined by the FLSA and relevant case law. *See e.g.*, 29 U.S.C §203(e)(1); *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 112 S. Ct. 1344 (1992).

34. During the entire duration of Plaintiff Daniel's employment with Defendants, she performed job duties such as providing quotes to potential customers for logistic services, tracking inbound and outbound freight shipments, corresponding with customers to provide freight updates, and monitoring existing customer contracts.

35. During the entire duration of Plaintiff Ayala's employment with Defendants, she performed job duties such as tracking inbound and outbound freight shipments, calling truckload freight drivers to ensure that deliveries were completed on time, corresponding with customers to provide freight updates, and data entry in Defendants' transportation management software.

36. Defendants exerted control over significant aspects of Plaintiffs' employment, including determining their rate of pay, implementing payment policies, and setting Plaintiffs' work schedules.

37. Plaintiffs were not responsible for making or procuring sales.

38. Plaintiffs did not have the power to enter into contracts for services on behalf of Defendants.

39. Plaintiffs did not have the power to hire, fire, discipline, or promote any of

Defendants' employees.

40. Plaintiffs did not have the power to set or adjust employees' rate of pay.

41. Plaintiffs did not perform job duties that warrant exempt status under the FLSA overtime provisions.

42. During the time Defendants employed Plaintiffs, Defendants did not pay Plaintiffs for any hours worked on call.

43. Plaintiffs worked on call periods and were regularly scheduled to work on call for a one (1) week period, every seven (7) weeks. The one-week on call period was Monday through Friday beginning each day at 5:30 PM until 6:00 AM the following day and from Friday at 5:30 PM until the following Monday at 6:00 AM.

44. Plaintiffs were scheduled to work these on call periods simultaneously with their regular scheduled work hours. In other words, Plaintiff worked for approximately twenty-two (22) hours each day of their regular scheduled on call period.

45. During on call shifts, Plaintiffs were required to use their personal cell phones to remain available to report to work.

46. Plaintiffs were expected to be available to immediately begin work if they were called during their on call shift.

47. If Plaintiffs did not respond while on call, then they were subject to disciplinary action, including termination.

48. During on call shifts, Plaintiffs were required to refrain from drinking alcohol and taking prescription drugs.

49. Plaintiffs also worked on call shifts as requested by Defendants outside of Plaintiffs' regular scheduled work hours and outside of their regular scheduled on call shift.

50. Defendants did not have a policy in place to track all of Plaintiffs' hours worked.

51. Defendants did not keep records of hours worked by Plaintiffs, including time Plaintiffs spent working during on call periods.

52. Therefore, Defendants did not compensate Plaintiffs for any time spent working while on call.

53. Plaintiffs regularly worked over forty (40) hours in a single workweek.

54. During the time Defendants employed each of the Plaintiffs, Defendants failed to pay Plaintiffs any overtime for hours worked over forty (40) in each workweek, despite Plaintiffs being non-exempt from overtime.

55. Defendants did not pay Plaintiffs one-and-one-half their regular rates of pay for the hours Plaintiffs worked over forty (40) in each workweek and did not include all other remunerations or bonuses into Plaintiffs' overtime rate.

56. Moreover, within three (3) hours of Plaintiff Daniel reporting Defendants' unlawful payment policies to human resources, Plaintiff Daniel was terminated from her employment. Defendants' cited reason for terminating Plaintiff Daniel was "misuse of company property" and "insubordination."

57. Defendants are employers within the meaning of the FLSA, thus required to maintain adequate records as required by the recordkeeping provisions of FLSA under sections 11(c) and 15(a)(5). Defendants failed to make, keep, and preserve adequate and accurate records of Plaintiffs' wages, hours, and other employment conditions and practices in accordance with the FLSA's recordkeeping requirements.

58. Defendants are in clear violation of the recordkeeping requirements prescribed by regulations duly issued pursuant to authority granted in the FLSA and found in 29 C.F.R. Part 516.

Specifically, Defendants failed to maintain a weekly record of hours worked, failed to record overtime hours, i.e., hours worked more than forty (40) hours in a workweek, and failed to record the correct overtime rate of pay for such hours.

59.     Defendants' compensation structure was in clear violation of the FLSA, willful, and not based on good faith and reasonable belief that its conduct complied with the FLSA. Therefore, a three-year statute of limitations applies due to the willful nature of the violations. 29 U.S.C. § 255(a).

### VI.   CAUSE OF ACTION NO. 1: FAILURE TO PAY OVERTIME WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

60.     The foregoing paragraphs are fully incorporated herein.

61.     During the relevant time-period, Plaintiffs were employees working for Defendants.

62.     During the relevant time-period, Plaintiffs were non-exempt from the FLSA's overtime requirements.

63.     The overtime laws under the FLSA require employers, such as Defendants, to pay overtime compensation to all employees, unless they are exempt from the overtime pay requirements under the FLSA.

64.     Plaintiffs did not qualify as an exempt employee under any overtime exemption.

65.     Plaintiffs were entitled to a premium overtime rate of one-and-one-half times their regular rate for all hours worked over forty (40) hours in a single work week.

66.     Plaintiffs failed to receive one-and-one-half times her regular hourly rate for all hours Plaintiffs worked over forty (40) in a single work week.

67.     Plaintiffs were paid a salary for all hours worked, including any hours worked over forty (40) in a single work week.

68. Plaintiffs regularly worked in excess of forty (40) hours in a single work week.

69. Plaintiffs' regular rate must include all compensation, bonuses, and other remuneration paid by Defendants for purposes of calculating the overtime rate. *See* 29 C.F.R. 778.208.

70. During the relevant time period, Defendants violated the provisions of Section 7 of the FLSA, 29 U.S.C. § 207, and 215(a)(2), by employing Plaintiffs and failing to compensate them at the required premium overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in a single work week.

71. Defendants violated the FLSA by failing to compensate Plaintiffs for all hours spent performing their job duties and/or tasks.

72. None of the exemptions or defenses provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required overtime rate are applicable to Defendants or Plaintiffs.

### VII. CAUSE OF ACTION NO. 2: FAILURE TO PAY MINIMUM WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

73. The foregoing paragraphs are fully incorporated herein.

74. The FLSA minimum wage provisions require employers, such as Defendants, to pay employees at the full minimum wage rate for all hours worked.

75. During the relevant time period, Defendants violated the provisions of Section 6 of the FLSA, 29 U.S.C. § 206, and 215(a)(2), by employing Plaintiffs and failing to pay Plaintiffs the full minimum wage according to the provisions of the FLSA for each and every hour and workweek that Plaintiffs worked for Defendants during the statutory time period.

76. As a result, Defendants are liable to Plaintiffs for the full minimum wage for every hour Plaintiffs worked during the statutory time period plus all other statutory damages provided

for under the FLSA. *See* 29 U.S.C. § 216(b).

77. None of the exemptions or defenses provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to Defendants or Plaintiffs.

### VIII. CAUSE OF ACTION NO. 3: UNLAWFUL RETALIATION UNDER THE FAIR LABOR STANDARDS ACT

78. The foregoing paragraphs are fully incorporated herein.

79. After Plaintiff Daniel complained about Defendants' violations of the FLSA by lodging a complaint with human resources, Defendants retaliated against Plaintiff Daniel by swiftly terminating her employment.

80. The FLSA makes it unlawful "for any person to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA]." 29 USCS § 215(a)(3).

81. Because Plaintiff Daniel complained about Defendants' unlawful payment policies, Defendants retaliated against Plaintiff Daniel by terminating her from her employment. Defendants' decision to terminate Plaintiff Daniel from her employment was made with a retaliatory motive and lack a reasonable basis in fact or law.

82. Defendants' retaliatory conduct subjects Defendants to additional liability for unlawful retaliation in violation of the FLSA's anti-retaliation provisions.

### IX. DAMAGES SOUGHT

83. Plaintiffs are entitled to recover compensation for the hours worked and for all hours Plaintiffs worked over forty (40) in a single workweek and did not receive overtime compensation as required by 29 U.S.C. § 207.

84. Plaintiffs are entitled to recover compensation for all hours worked for which

Plaintiffs were not paid at the federally mandated minimum wage rate. *See* 29 U.S.C. § 216(b).

85.     Plaintiffs are entitled to an amount equal to all of their unpaid wages (including unpaid overtime compensation and minimum wages) and fees in the form of liquidated damages. *See* 29 U.S.C. § 216(b).

86.     Additionally, Plaintiffs are entitled to recover attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

87.     As a result of Defendants' unlawful retaliation in violation of the FLSA's antiretaliation provisions, Plaintiff Daniel is entitled to recover all legal and equitable relief that may be appropriate including an award for compensatory damages, noncompensatory damages, lost wages (past and future), liquidated damages, and punitive damages. *See* 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages."); *see also Brown v. Creative Rests., Inc.*, No. 11-2710-STA-cgc, 2013 U.S. Dist. LEXIS 189927, at *17 (W.D. Tenn. 2013) (punitive damages appropriate for FLSA retaliation).

## X.     PRAYER

Plaintiffs pray for judgment against Defendants, jointly and severally, as follows:

A.     For an order pursuant to section 216 of the FLSA finding Defendants jointly and severally liable for unpaid wages (including unpaid overtime compensation and minimum wages) due to Plaintiffs and for liquidated damages equal in amount to the unpaid wages (including overtime compensation and minimum wages) due to Plaintiffs;

B.     For an order pursuant to section 216 of the FLSA finding Defendants jointly and severally liable to Plaintiff Daniel for all compensatory and non-compensatory damages arising from Defendants' unlawful retaliation;

C.     To the extent permitted, for an order awarding Plaintiffs an amount of pre-judgment

    interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621;

D. For an order awarding Plaintiffs all attorneys' fees incurred;

E. For an order awarding Plaintiffs all costs and expenses incurred in pursuing this action; and

F. For an order granting any such other and further relief as this Court deems just and appropriate.

    Respectfully submitted,


    By: */s/ Drew N. Herrmann*
     Drew N. Herrmann
     Texas Bar No. 24086523
     *drew@herrmannlaw.com*
     Pamela G. Herrmann
     Texas Bar No. 24104030
     *pamela@herrmannlaw.com*

     **HERRMANN LAW, PLLC**
     801 Cherry St., Suite 2365
     Fort Worth, TX 76102
     Phone: 817-479-9229
     Fax: 817-840-5102
     ATTORNEYS FOR PLAINTIFFS